# EXHIBIT 1

FILED - 5/12/2021 5:10 PM
2021-DCL-02881 / 53385401
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

CAUSE NO. 2021-DCL-02881

| | | |
|---|---|---|
| MELISSA ANN HERNANDEZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CAMERON COUNTY TEXAS |
| | § | Cameron County - 107th District Court |
| WAL-MART STORES TEXAS, LLC | § | |
| *Defendant.* | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MELISSA ANN HERNANDEZ**, hereinafter called Plaintiff, complaining of **WAL-MART STORES TEXAS, LLC**, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury the following:

### I.
### DISCOVERY CONTROL PLAN (LEVEL 3)

1.  Plaintiff affirmatively pleads that it intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### II.
### CLAIM FOR RELIEF

2.  Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00 but less than $1,000,000.00, as compensation for her damages.

### III.
### PARTIES

3.  Plaintiff Melissa Ann Hernandez is an individual and resident of Brownsville,

Cameron County, Texas.

4. Defendant **WAL-MART STORES TEXAS, LLC** is a duly licensed limited liability company in Texas. Defendant **WAL-MART STORES TEXAS, LLC** may be served with process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## IV.
## VENUE & JURISDICTION

5. Venue is proper in Cameron County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002 because all or part of the causes of action occurred in Cameron County, Texas.

6. The incident described hereinbelow or the events giving rise to Plaintiff's claim against Defendant arose in Brownsville, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

7. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## V.
## FACTS

8. On or about January 4, 2021, Plaintiff went into one of **WAL-MART STORES TEXAS, LLC**'s locations, (Facility# 4412) located at 2205 East Ruben Torres Sr. Blvd., Brownsville, Texas 78526, for the purpose of picking up an order that she had placed online. As Plaintiff was walking towards the area designated for the pickup

of online customer orders, she stepped onto a mixture of water and ice that had fallen, spilled, and/or was otherwise let out of a nearby indoor ice merchandiser that had no protective flooring or matting in front of it, causing Plaintiff to slip and fall. When Plaintiff fell, she landed on her arm and knee. As a result of her fall, Plaintiff has sustained serious injuries to her knee, arm, neck, and back.

9. Other indoor ice merchandisers within the store had protective matting placed on the floor in front of them. However, the area in font of the indoor ice merchandiser in which Plaintiff slipped and fell had no non-slip and/or absorbent flooring or matting placed on the floor. Nor was there any sort of warning, sign, or store personnel that instructed customers to take caution or redirected them away from that area. As a result, Ms. Hernandez was exposed to an unreasonably dangerous condition. This mixture of water and ice was on the floor for a lengthy period of time before it caused Plaintiff to slip and fall. Defendant's employees were in close proximity to the spill of ice and water that was on the floor for a lengthy period of time before it caused Plaintiff to slip and fall. Defendant's employees failed to warn Plaintiff of the danger posed by the ice and water that was on the floor and failed to remove the ice and water from the floor before it caused Plaintiff to slip and fall.

## VI.
## CAUSE OF ACTION

10. Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of an unreasonably dangerous condition on Defendant's property that was

specifically created by having indoor ice merchandisers located in an area with high customer traffic without the utilization of non-slip or absorbent flooring or matting or other safety measures that WAL-MART STORES TEXAS, LLC might normally use.

11. At the time and on the occasion in question, Plaintiff was a customer in a store owned and operated by Defendant WAL-MART STORES TEXAS, LLC, having visited Defendant's store for the purpose of picking up an order which she had placed online. As a result of Defendant holding open their premises for business in this manner, and as a result of the purpose of Plaintiff's visit to such premises, Plaintiff was at all times an invitee as that phrase is known in the law.

12. At all times mentioned herein, Defendant WAL-MART STORES TEXAS, LLC owned the property in question located at 2205 East Ruben Torres Sr. Blvd., Brownsville, Texas 78526 and held open their premises to prospective customers and customers seeking to pick up online orders, such as Plaintiff. At all times mentioned herein, Defendant WAL-MART STORES TEXAS, LLC had absolute control over the premises in question such that the Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries to Plaintiff as set forth herein.

13. During the course of Plaintiff's visit on the Defendant's premises, Plaintiff was caused to suffer injuries when she slipped and fell, which was the direct result of an unreasonably dangerous condition on the Defendant's premises. Defendant knew, or

should have known, of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of the dangerous condition. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition or to warn the Plaintiff constituted negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries. Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and the ensuing injuries suffered by Plaintiff.

14. At all times pertinent herein, Defendant WAL-MART STORES TEXAS, LLC, and any of the Defendant's agents, who were acting in the scope of their employment, were negligent in:

   a. failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

   b. failing to maintain the floor near the indoor ice merchandiser in a reasonably safe condition;

   c. failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area in question;

   d. failing to give warnings to Plaintiff of the unsafe condition;

   e. failing to place non-slip and/or absorbent flooring or matting in the floor area near the indoor ice merchandiser;

   f. failing to adequately maintain the floor near the indoor ice merchandiser given the high customer action and/or traffic in the area surrounding the indoor ice merchandiser; and

      g.    failing to adequately maintain the floor near the indoor ice merchandiser by utilizing safety measures that WAL-MART STORES TEXAS, LLC might normally use or as required by policy.

15. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant WAL-MART STORES TEXAS, LLC, constitute a direct and proximate cause of the Plaintiff's injuries and damages set forth below.

## VII.
## DAMAGES

### Damages for Plaintiff Melissa Ann Hernandez

16. As a direct and proximate result of the occurrence above described and the Defendant's acts described herein, Plaintiff MELISSA ANN HERNANDEZ was caused to suffer injuries to her knees, arms, neck, and back, severe extreme pain at the time of the event, and to endure anxiety, pain, and illness resulting in the damages set forth below. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff MELISSA ANN HERNANDEZ has incurred the following damages:

      a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff MELISSA ANN HERNANDEZ for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

      b.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

      c.    Physical pain and suffering in the past;

      d.      Physical pain and suffering in the future;

      e.      Mental anguish in the past;

      f.      Mental anguish in the future;

      g.      Physical impairment in the past;

      h.      Physical impairment which, in all reasonable probability, will be suffered in the future;

      i.      Lost wages in the past;

      j.      Loss of earning capacity which will, in all probability, be incurred in the future;

      k.      Loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

      l.      Loss of consortium in the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

      m.      Physical disfigurement in the past; and

      n.      Physical disfigurement in the future.

17. By reason of the above and foregoing, Plaintiff has suffered losses and damages in a sum within the minimum jurisdictional limits of this Court. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00, as compensation for her damages.

## VIII.
## VICARIOUS LIABILITY

18. At all time that is material to the incident described hereinabove and this case,

Defendant's employees acted within the course, scope, and authority of their employment and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## IX.
## PREJUDGMENT AND POSTJUDGMENT INTEREST

19. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## X.
## DEMAND FOR JURY

20. Plaintiff demands a jury trial and has already tendered the appropriate fee.

## XI.
## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff recover:

1. Judgment against the named Defendant for Plaintiff's damages as set forth above, in an amount within the minimum jurisdictional limits of this Court;

2. Interest on said judgment at the legal rate from date of judgment;

3. Pre-judgment interest as allowed by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**Guerra & Sabo, P.L.L.C.**
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _/s/ Heather Scott_
    Heather Scott
    State Bar No. 24046809
    Hscott@guerrasabo.com
    Carlo Tamayo, Jr.
    State Bar No. 08578640
    Ctamayo@guerrasabo.com

**ATTORNEYS FOR PLAINTIFF**